UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AIXA NELSON,

        **Plaintiff,**

v.                                     **Case No: 6:15-cv-160-Orl-41TBS**

**AMICA MUTUAL INSURANCE**
**COMPANY, INC.,**

        **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 4). Plaintiff has not responded to the Motion to Dismiss and the time to do so has lapsed. For the reasons stated herein, Defendant's Motion to Dismiss will be denied.

### I. BACKGROUND

In 2008, Plaintiff was a passenger in a rental vehicle being operated by her husband when the vehicle was involved in an accident with a big-rig truck. (Compl., Doc. 2, ¶¶ 5–6, 8). At the time of the accident, Plaintiff was insured by Defendant. (*Id.* ¶ 7). During the accident, Plaintiff's seatbelt allegedly failed causing Plaintiff to be ejected from the vehicle and resulting in injuries. (*Id.* ¶¶ 9, 11).

After the accident, Defendant took possession of the subject vehicle. (*Id.* ¶ 14). Subsequent to Defendant taking possession of the vehicle, but prior to its destruction, Plaintiff sent Defendant a letter requesting that the vehicle be preserved as evidence in possible future litigation. (*Id.* ¶ 16; Request to Maintain, Ex. A to Compl., Doc. 2-1, at 1). Despite Plaintiff's request, Defendant allegedly destroyed the vehicle. (Compl. ¶ 18). Thereafter, Plaintiff filed a lawsuit against the car

manufacturer, Kia Motors America, Inc. ("Kia Motors"), for defective design. (*Id.* ¶ 19). Kia Motors was granted summary judgment in that case as a result of "the destruction of evidence by" Defendant. (Order, Ex. B to Compl., Doc. 2-2, at 1; Compl. ¶ 19). As a result of the loss of her claims against the vehicle manufacturer, Plaintiff filed this suit against Defendant alleging one claim for negligent spoliation of evidence in violation of Florida law.

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

Although it is a relatively new tort, Florida law does recognize an independent cause of action against third-party tortfeasors for the negligent destruction or spoliation of evidence. *See*

*Silhan v. Allstate Ins. Co.*, 236 F. Supp. 2d 1303, 1307–08 (N.D. Fla. 2002) (discussing the history of an independent cause of action for spoliation in Florida); *Cont'l Ins. Co. v. Herman*, 576 So. 2d 313, 315 (Fla. 3d DCA 1990) (same). "Spoliation of evidence is a cause of action which holds someone liable for negligently . . . destroying material which is needed as evidence in litigation." *Silhan*, 236 F. Supp. 2d at 1307 (quotation omitted). "A spoliation claim arises against a defendant when that defendant breaches a duty to preserve evidence resulting in the destruction of a plaintiff's cause of action against a third party." *Id.* To make a prima facie case for third-party negligent destruction or spoliation of evidence, the plaintiff must show: "(1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages." *Cont'l Ins. Co.*, 576 So. 2d at 315.

Defendant argues that Plaintiff has not alleged that Defendant had either a legal or contractual duty to preserve the subject vehicle for use by Plaintiff. It is undisputed under Florida law that, "'[a] duty to preserve evidence can arise by contract, by statute, or by a properly served discovery request (after a lawsuit has already been filed).'" *Royal & Sunalliance v. Lauderdale Marine Ctr.*, 877 So. 2d 843, 845 (Fla. 4th DCA 2004) (quoting *Silhan*, 236 F. Supp. 2d at 1309). However, "[t]here may be additional circumstances from which a duty may arise if a party is on notice that documents or tangible items may be relevant or discoverable in pending or imminent litigation." *Floeter v. City of Orlando*, No. 6:05-cv-400-Orl-22KRS, 2007 WL 486633, at *5 (M.D. Fla. Feb. 9, 2007) (citing references).

Plaintiff's lawsuit against Kia Motors was not filed prior to the destruction of the evidence, thus Plaintiff's claims are undeniably not based on a properly served discovery request.

Furthermore, Plaintiff has presented no allegations that a contractual or statutory basis for Defendant's alleged duty to preserve the subject vehicle exists. Thus, the Court considers only whether the Request to Maintain is sufficient to create a duty under Florida law. *Gailes v. Marengo Cty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1244 n.12 (S.D. Ala. 2013) ("A plaintiff that fails to address a claim challenged by a defendant does so at its peril, both because the Court may not detect defects in the defendant's position . . . and because . . . the Court will not on its own raise arguments to counter the defendant's case.").

There is little case law on the issue of pre-suit duty where there has been no promise between the plaintiff and the third-party to preserve the evidence. Here, Plaintiff does not allege that Defendant accepted the terms of the Request to Maintain or made any promise not to destroy the subject vehicle. Rather, Plaintiff alleges that sending the Request to Maintain was sufficient to place Defendant on notice of an imminent claim, thereby creating an affirmative duty for Defendant to preserve the evidence relevant to that claim. Florida courts have rejected an outright common law duty to preserve. *See Royal & Sunalliance*, 877 So. 2d at 846. However, some courts have recognized that a third-party may have a duty when that person has been notified of a potential claim and a formal request to preserve has been made. *See James v. U.S. Airways, Inc.*, 375 F. Supp. 2d 1352, 1355 (M.D. Fla. 2005) ("[T]here is no common law duty to preserve evidence absent a formal notice of intent to sue."); *Silhan*, 236 F. Supp. 2d at 1313 n.13 ("An alleged spoliator could have a duty to preserve evidence if the plaintiff had given the alleged spoliator formal notice of plaintiff's intent to file a lawsuit."); *Pa. Lumberman's Mut. Ins. Co. v. Fla. Power & Light Co.*, 724 So. 2d 629, 630 (Fla. 3d DCA 1998) (holding that no common law duty to preserve existed, but discussing the possibility that notice could have created a duty if it had been

received by the alleged spoliator); *cf. Gayer v. Fine Line Constr. & Elec. Inc.*, 970 So. 2d 424, 429 (Fla. 4th DCA 2007) (noting that the issue of notification was not before the court).

When applying state law, the Court must follow the rule of the state's highest court when it "has spoken on the topic," but "[w]here that court has not spoken . . . [the Court] must predict how the highest court would decide this case." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011). "[A] federal court attempting to forecast state law must consider whatever might lend it insight, including relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1326 n.5 (11th Cir. 2005). No Florida court has definitively determined that pre-suit notice of a potential claim and an affirmative request to preserve evidence creates a duty for a third-party to avoid the negligent destruction of the subject evidence. Nevertheless, the cases cited above strongly suggest that Florida courts would hold that notice creates a duty when it is sufficient to place a third-party on notice that a certain document or tangible item may become relevant in future litigation and specifically requests that the third-party preserve it.

Plaintiff has alleged that she mailed Defendant the Request to Maintain prior to the destruction of the subject vehicle. Plaintiff further alleges that the Request to Maintain placed Defendant on notice of the potential claim and the need for the preservation of the vehicle as evidence in the event of litigation.[1] Therefore, Plaintiff has sufficiently alleged the existence of a legal duty under Florida law.

---

[1] Plaintiff's Complaint claims that Defendant was placed on notice of a potential claim against the manufacturer for "[d]effective [d]esign and manufacture," (Compl. ¶ 16), however the Request to Maintain alludes to a potential claim against the rental car company for negligent

## IV. CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Doc. 4) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

maintenance, (Request to Maintain at 1). This distinction is irrelevant at this stage in the proceedings. The intended effect of the Request to Maintain was to place Defendant on notice of a potential third-party claim and to request the preservation of the vehicle in anticipation of litigation, which the Request to Maintain allegedly did. To the extent Defendant attributes greater weight to this discrepancy, Defendant's argument is misplaced.